UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| WUMAC, INC., <br><br>     Plaintiff, <br><br> v. <br><br> EAGLE CANYON LEASING, INC., <br><br>     Defendant. | 2:12-cv-0926-LRH-VCF <br><br> ORDER |

Before the court is defendant Eagle Canyon Leasing, Inc.'s ("Eagle") motion to dismiss. Doc. #15.[1] Plaintiff WuMac, Inc. ("WuMac") filed an opposition (Doc. #25) to which Eagle replied (Doc. #28).

**I.    Facts and Background**

This action involves the attempted purchase of a 2001 Challenger CL600-2B19 aircraft. Plaintiff WuMac, the owner of the airplane, entered into a written contract to sell and modify the aircraft to non-party Atlanta Jet, Inc. ("Atlanta Jet").[2]

///

///

---

[1] Refers to the court's docket number.

[2] A copy of the WuMac/Atlanta Jet contract is attached as Exhibit 1 to defendant Eagle's motion to dismiss. Doc. #15, Exhibit 1.

Three days prior, Atlanta Jet had entered into a separate contract to sell the modified aircraft to defendant Eagle.[3] The aircraft was transported to non-party Flying Colours, Inc. ("Flying Colours") in Peterborough, Ontario, Canada for completion of the contracted modifications. Ultimately, the sale of the aircraft did not occur and Atlanta Jet initiated a Chapter 7 bankruptcy action.

Subsequently, on June 1, 2012, WuMac filed a complaint against defendant Eagle alleging five causes of action: (1) breach of contract relating to the airplane purchase; (2) breach of contract relating to additional aircraft modifications; (3) breach of contract as an intended third party beneficiary; (4) promissory estoppel; and (5) quantum meruit. Doc. #1. Thereafter, Eagle filed the present motion to dismiss. Doc. #15.[4]

**II.   LEGAL STANDARD**

Eagle seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

//

---

[3] A copy of the Atlanta Jet/Eagle contract is attached as Exhibit 2 to defendant Eagle's motion to dismiss. Doc. #15, Exhibit 2.

[4] Along with its motion to dismiss, defendant Eagle has filed a motion for a hearing on the motion to dismiss. Doc. #29. The court has reviewed the request, as well as the underlying documents, and finds that a hearing on the motion is unnecessary. Accordingly, the court shall deny Eagle's motion for a hearing.

2

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.  Discussion**

    **A.  Breach of Contract**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

///

3

In its motion to dismiss, defendant Eagle argues that there is no actual contractual relationship between itself and plaintiff WuMac, and therefore this claim should be dismissed. *See* Doc. #15. In opposition, WuMac argues that Atlanta Jet was acting as Eagle's agent in the purchase of the aircraft, and thus, Eagle is bound by the terms of the WuMac/Atlanta Jet contract. *See* Doc. #25.

The court has reviewed the documents and pleadings on file in this matter and finds that WuMac has sufficiently alleged that Atlanta Jet was acting as Eagle's agent in the purchase of the aircraft. In the complaint, WuMac alleges that Atlanta Jet was acting as Eagle's agent through the contract negotiations. Doc. #1, ¶24. Further, WuMac alleges that Eagle and Atlanta Jet had an ongoing business relationship for many years, a business relationship in which Atlanta Jet would broker the purchase of aircraft and aircraft equipment on behalf of Eagle. Doc. #1, ¶4-6. Finally, WuMac alleges that prior to, and following, the execution of the sales contracts representatives of Eagle met with WuMac representatives and discussed the requested plane modifications. Doc. #1, ¶14. Therefore, the court finds that based on the allegations in the complaint, WuMac has sufficiently alleged an agency relationship between Eagle and Atlanta Jet for the purchase of the aircraft. Accordingly, the court find that WuMac has sufficiently alleged a claim for breach of contract upon which relief can be granted and shall deny Eagle's motion to dismiss as to this issue.

**B.  Assigned Breach of Contract Claim**

In its motion, Eagle argues that there is no direct contract between itself and non-party Flying Colours for the modification of the airplane as all of the requested modifications were contained in the WuMac/Atlanta Jet contract, and therefore the breach of contract claim should be dismissed. *See* Doc. #15.

Eagle misreads this claim. This assigned claim from Flying Colours does not cover the initial modifications to the airplane that were specifically contracted by the parties. Rather, this claim is based on a separate agreement between Eagle and Flying Colours for additional

4

1  modifications outside the scope of the original contracts. In the complaint, WuMac alleges that
2  Eagle traveled to Flying Colours and contracted directly for additional modifications to the airplane
3  that were outside the scope of the purchase contracts. Doc. #1, ¶20. Further, WuMac alleges that all
4  of these additional modifications were completed by Flying Colours, but were never paid for by
5  Eagle. Doc. #1, ¶28. The court finds these allegations sufficient to allege a claim for breach of
6  contract for the additionally requested modifications. Therefore, the court shall deny Eagle's
7  motion as to this claim.

**C. Breach of Contract as Third Party Beneficiary**

In its complaint, WuMac has brought a claim for breach of contract as an intended third-party beneficiary of the Atlanta Jet/Eagle contract. Doc. #1. In Nevada, there must be a clear intent in the contract for a benefit to be conferred upon a third-party before a court may recognize a third-party beneficiary status. *See Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824-825 (Nev. 1997) ("Third-party beneficiary status is granted if there is an intent clearly manifested by the promisor to secure the benefit claimed to the third party."). The mere fact that a third-party might benefit from the performance of the agreement which the third-party seeks to enforce does not confer third-party beneficiary status; the contracting parties' intention to benefit the third-party must be shown on the face of the contract. *Id*.

In its motion to dismiss Eagle argues that this claim should be dismissed because it was not the specific intention of the Atlanta Jet/Eagle contract to benefit WuMac. The court disagrees. In the complaint, WuMac has alleged that it was an intended beneficiary of the contract because (1) the Atlanta Jet/Eagle contract required Eagle to secure an insurance policy for the aircraft naming WuMac as an insured; (2) the Atlanta Jet/Eagle contract was entered into prior to the WuMac/Atlanta Jet contract meaning that Atlanta Jet had contracted to sell a plane that it did not yet own; and (3) the two contract approach was designed solely to hide the brokerage fee being earned by Atlanta Jet raising an inference that WuMac was the actual beneficiary of the plane

5

purchase price of $18.3 million. *See* Doc. #1, ¶34. The court finds that these allegations are sufficient to allege a claim for breach of contract as a third party beneficiary. Therefore, the court shall deny Eagle's motion as to this issue.

**D. Promissory Estoppel**

In the complaint, WuMac has also brought a claim for promissory estoppel relating to the original airplane modifications identified in the WuMac/Atlanta Jet contract. WuMac's promissory estoppel claim is quasi-contract in nature and relates to costs associated with the modification of the airplane which are already at issue in its breach of contract claim. Further, there are no allegations of additional representations or statements relating to the modifications other than the alleged contractual obligations identified in the two contracts. As such, the court finds this claim is duplicative and fully encapsulated by the breach of contact claim. Accordingly, the court shall grant Eagle's motion and dismiss WuMac's quasi-contract claim for promissory estoppel.

**E. Quantum Meruit**

Finally, WuMac has brought claim for quantum meruit.

The theory of quantum meruit is based upon the premise that, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof. *See Hannon v. Wells Fargo Home Mortg.*, 2012 WL 2499290, \*6 (D. Nev. 2012). To establish a quantum meruit claim, "a plaintiff must show she conferred a benefit on the defendant, and the defendant appreciated, accepted, and retained the benefit under circumstances such that it would be inequitable for him to retain the benefit without paying for it." *In re Wal-Mart Wage and Hour Employ. Pract. Litig.*, 490 F. Supp. 2d 1091, 1125 (D. Nev. 2007).

However, a claim for quantum meruit is not actionable when the claim is based on an express contract. *See Mobius Connections Group, Inc. v. TechSkills, LLC*, 2012 WL 194434, \*8 (D. Nev. 2012). As there is an express contract at issue in this action, the court shall grant Eagle's motion as to this issue and dismiss WuMac's claim for quantum meruit.

6

1       IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #15) is
GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's Fourth Cause of
Action for Promissory Estoppel and Fifth Cause of Action for Quantum Meruit are DISMISSED
from plaintiff's complaint (Doc. #1).

       IT IS FURTHER ORDERED that defendant's motion for a hearing (Doc. #29) is DENIED.

       IT IS SO ORDERED.

       DATED this 13th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE